IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL WESLEY MOON,**

**Petitioner,**

**v.**

**J. S. WALTON,**

**Defendant.**                                                  No. 13-cv-00068-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

Before the Court is a Report and Recommendation ("R&R") (Doc. 14), issued on March 21, 2013, by United States Magistrate Judge Philip M. Frazier recommending dismissal of petitioner's Section 2241 petition for a writ of habeas corpus (Doc. 1). Petitioner is held at United States Penitentiary in Marion ("USP Marion"). He objects to the R&R, claiming he has no control over the funds in his account and is not able to direct the financial office staff at USP Marion to release his funds and remit his filing fee. Petitioner claims that this Court should take reasonable steps to determine that the prisoner has complied with the court's order by authorizing payment to officials before dismissing his petition.

Petitioner further argues that the Seventh Circuit has failed to address the type of inquiry that must be made before dismissing a petition for non-payment of the filing fee. He instructs this Court instead to look to the Fifth Circuit for its interpretation of such an inquiry, in *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000). Even if this Court were to look to our sister circuit for instruction, the

instant case is distinguishable from the *Hatchet* case. Here, unlike in *Hatchet*, the Court determined in petitioner's earlier case, that based on the average monthly balance in his trust fund account for the previous six months, he could afford to pay the $5.00 filing fee (Doc.11), *Moon v. Roal*, 12-982-DRH (S.D. Ill. Dec. 11, 2012). This Court further directed that any future civil action petitioner filed in this Court would not be considered until full payment of the filing fee in *Moon v. Roal* was paid. Moreover, petitioner claimed in his IFP motion that he could not afford to pay the fee because he had no available funds in his trust account. In his objection to the R&R however, he now claims that he has no control over the funds despite his instruction to officials at USP Marion to release the $5.00 fee.

Petitioner also objects to the R&R by claiming the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions under 28 U.S.C § 2241 and therefore he should be allowed to proceed IFP. Petitioner cites *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) for this holding. While this is true, this Court and sister federal trial courts have recognized that it is appropriate to employ the mechanism set out in § 1915(a)(2) and (b) in cases involving § 2241 petitions due to its ease and consistency with the purpose of § 1915, which is to allow indigent prisoners access to courts by enabling them to pay their filing fees in small installments. *See e.g. Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164-66 (W.D. Wis. 1998). Using this mechanism, the Court previously determined that

petitioner was able to pay the $5.00 filing fee. *See Moon v. Roal*, 12-982-DRH (S.D. Ill. Dec. 11, 2012).

Petitioner has failed to pay his outstanding filing fee on his earlier petition, *Moon v. Roal*, despite this Court's order to do so. Petitioner has also failed to pay his filing fee in this case, which was due on March 7, 2013 after denial of his motion for leave to proceed as a pauper (Doc. 9). Accordingly, the Court **ADOPTS** the R&R (Doc. 14) in its entirety and dismisses petitioner's claims without prejudice for non-payment of outstanding filing fees.

**IT IS SO ORDERED.**

Signed this 9th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.09 16:22:02 -05'00'

**Chief Judge**
**United States District Court.**